UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAKEFERN FOOD CORP. and | : | CIVIL ACTION NO. |
| JOSEPH FAMILY MARKETS, LLC, | : | 3:10-CV-827 (JCH) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PROSPECT PLAZA IMPROVEMENTS, | : | NOVEMBER 2, 2010 |
| LLC, ET AL. | : | |
| Defendants. | : | |

**RULING RE: ORDER GRANTING MOTION FOR CLARIFICATION (Doc. No. 36)**

**I.    INTRODUCTION**

Plaintiffs, Wakefern Food Corp. and Joseph Family Markets, LLC, bring this action against defendants Prospect Plaza Improvements, LLC ("Prospect Plaza"), DLC Management Corp., and First Man Prospect Plaza Corp., seeking court ordered arbitration over a landlord-tenant dispute. Defendants move the court to reject the Magistrate Judge's clarification of her prior arbitration order. For the following reasons, Judge Fitzsimmons' Ruling is affirmed.

**II.    PROCEDURAL HISTORY**[1]

Plaintiffs lease the disputed property from Prospect Plaza. See Recommended Ruling Granting Petition for Arbitration 2 (Doc. No. 21). The present lawsuit arose as a result of plaintiffs' desire to alter the premises in preparation for the opening of a ShopRite supermarket. Id. at 3. Prospect Plaza objected to plaintiffs' plans, which resulted in dueling default notices. Id. at 3-4. Plaintiffs sought to arbitrate pursuant to

---

[1] Facts in this section are taken from Judge Fitzsimmons' prior Recommended Ruling regarding arbitration, which was affirmed by this court, absent objection by the parties. See Doc. Nos. 21, 25.

1

an arbitration clause that required "any alleged default" be submitted to arbitration. Id. at 4-5.

After defendants' refusal to arbitrate, plaintiffs filed the present federal suit to enforce the arbitration agreement. Id. at 5. Magistrate Judge Fitzsimmons issued a Recommended Ruling on June 28, 2010, ordering arbitration. See generally id. On July 22, this court affirmed, adopted, and ratified that Ruling, absent the parties' objections. See Doc. No. 25.

After an apparent dispute over which party would initiate the arbitration, the plaintiffs filed an arbitration demand along with the following questions:

> 1. If the Landlord's consent was required for structural alterations proposed at the Premises, did the Respondents breach the Lease by unreasonably withholding consent?
>
> 2. If the Landlord's consent was required for structural alterations proposed at the Premises, did the Respondents breach the Lease by unreasonably delaying consent?
>
> 3. Based on its actions, did the Respondents waive their right to withhold consent to the structural alterations proposed at the Premises?
>
> 4. Based on the action of the Respondents, were the Claimants entitled to make the proposed improvements and renovations to the Premises without the Landlord's consent?
>
> 5. At the time the Respondents issued the notice of default, were the Claimants in fact in default of the Lease, having not yet begun the structural alteration of the three loading dock doors at the rear of the Premises?
>
> 6. Did the Landlord have the authority, under the Lease to unilaterally revoke the cure period afforded to the Tenant for any alleged default as to any obligation of the Tenant other than the payment of any item of rent or additional rent?
>
> 7. To the extent that they were in default, did Claimants cure that default by exercising the two remaining options to extend the termination date of

the Lease, thereby extending the termination date of the Lease beyond 12 years and obviating any need for the Landlord's consent to structural alterations to the Premises?

Defs.' Mot. for Clarification 4-5 (Doc. No. 27). Defendants then sought clarification from Judge Fitzsimmons as to the scope of her previous arbitration order, to determine whether the foregoing questions were properly covered by the arbitration clause, arguing that only question 5 is arbitrable. Id. at 10. Judge Fitzsimmons issued a Ruling, holding that all of the above should be submitted for arbitration. Order Granting Mot. for Clarification (Doc. No. 36). Defendants subsequently objected to this Ruling.

## III.  DISCUSSION

As an initial matter, there is no need for this court to characterize Judge Fitzsimmons' Ruling as "dispositive" or "not dispositive." See Fed. R. Civ. P. 72; see also Williams v. Beemiller, Inc., 527 F.3d 259, 264-66 (2d Cir. 2008) (discussing difference between "dispositive" and "not dispositive" decisions). Defendants' Objection to the most recent Ruling was timely. Therefore, this court's review of legal determinations by the Magistrate Judge—which is what is at issue in the Objection to her recent Ruling—is plenary.[2] The court affirms Judge Fitzsimmons' Ruling subject to the following modifications.

Much is made in defendants' Objection of the difference between a "narrow" and "broad" arbitration agreement. See Defs.' Objection to Magistrate's Ruling 6-9 (Doc.

---

[2] The court reviews dispositive decisions de novo, but will reverse nondispositive decisions only for "clear error" or if they are "contrary to law." See Fed. R. Civ. P. 72(a), (b)(3). "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." Powershare, Inc. v. Syntel, Inc., 597 F.3d 10 (1st Cir. 2010); see also 12 Charles Alan Wright et al., Federal Practice and Procedure § 3069, at 350 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review.").

3

No. 39). As Judge Fitzsimmons correctly points out, when analyzing an arbitration clause, a court should first classify a clause as either "broad" or "narrow." See Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 252 F.3d 218, 224 (2d Cir. 2002). When a clause is broad, even issues that are "collateral" to those explicitly covered by the clause will be subject to the presumption of arbitrability. Narrow clauses, in contrast, will generally not reach collateral issues. Id.

The operative arbitration clause in this case permits the arbitration of "any alleged default of [the] Tenant" after notification by the landlord of such a default. Defs.' Objection 6. This arbitration clause is not quintessentially broad. It does not contain the kind of sweeping language that is present in the provisions that have been held "broad" by the Second Circuit. See, e.g., Oldroyd v. Elmira Savings Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998) (finding an arbitration clause requiring any "dispute, controversy or claim arising under or in connection with" the contract to be "prototypically broad"). At the same time, "this clause is by no means narrow." Worldcrisa Corp. v. Armstrong, 129 F.3d 71, 75 (2d Cir. 1997). The court finds that it is "close enough to the 'broad' end of the spectrum to justify the presumption of arbitrability." Id.; see also Oldroyd, 134 F.3d at 76 ("[W]e will construe arbitration clauses as broadly as possible, resolving any doubts . . . in favor of arbitration." (internal citations and quotation marks omitted)). However, even without resort to the presumption of arbitrability, the current dispute falls within the scope of the arbitration clause. See Worldcrisa, 129 F3d at 75.

Once an arbitrator is empowered to review whether a party has defaulted on the lease, he must be able to resolve a number of issues with respect to the interpretation

4

of the underlying contract. As Judge Fitzsimmons succinctly put it,

> If the arbitrator determines that the answer to issues 1, 2, 3, or 4 is in the affirmative then the Tenant is not in default. Conversely, if the arbitrator determines that the answer to either issues 1, 2, 3, or 4 is in the negative then the Tenant is in default, unless Tenant had the ability to cure, which is the substance of issues 6 and 7.

Order Granting Mot. for Clarification 6. While these issues are arguably different from the specific question, "Is the tenant in default?" the arbitration clause is not so narrowly proscribed as to preclude an arbitrator from considering them pursuant to his analysis of the alleged default. See ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co., 307 F.3d 24, 29 (2d Cir. 2002) ("[W]here, as here, the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability."). Therefore, even if this clause is "narrow," these issues are not collateral and are arbitrable pursuant to the plain language of the arbitration clause.

## IV. CONCLUSION

For the foregoing reasons, the court affirms the Order Granting Motion for Clarification (Doc. No. 36).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of November, 2010.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge